Good morning, Your Honors. Juan Rocha, on behalf of the petitioners, I'd like to reserve two minutes here for rebuttal. The issue here, the way the government frames this, is that did the responder or respondent, since there's four respondents, check all the boxes of Lozada? We believe that the issue here is did the respondent, in the manner that he presented the record, satisfy the purposes of Lozada? But before I even address that issue, this Court could actually just decide on whether or not there was ineffective assistance of counsel, even without Lozada. Can we? I think the ineffective assistance is obvious, but at least if we know that counsel was retained to file a notice of appeal, it's a different counsel that tried the case, right? That's correct. And so, don't we at least need some information that somebody was timely retained to file a notice of appeal? I'm not sure we could skip all the requirements and just say, well, you filed it late, and therefore it must be ineffective assistance, without knowing what counsel puts in the motion. I was retained, et cetera. So I don't think we can just do it on the basis of the eventual failure to file. We must have some of the information that Lozada aims at us having. Isn't that correct? I would, first, to the first question is, was it obvious? As Your Honor said, yes. And I believe this Court's President says that alone is enough to alleviate or at least not even apply at Lozada. But I will address the question. If it's a different counsel than the trial counsel, then it seems to me we do need additional information about the nature of their retention and when they were retained and whether or not it was in time to file a timely notice of appeal. Now, we have that here, but I'm pushing back on your notion that in this case, the mere fact that it was filed late excuses all of Lozada's requirements. We also know who filed it late. Yes, Judge Hurwitz. So if we look at the BIA opinion from, I believe it was from November or April, I'm sorry, April of 2024, excuse me, November of 2024, the respondents here, I'm sorry, the BIA judge, what she did was she referenced the April 29th BIA or BIA's decision to deny the motion for leave to file the untimely notice of appeal. So the Court actually references that. I'm still not, well, first of all, I think you started off by saying there's substantial enough compliance here under the circumstances. Let's assume you can't convince me that total noncompliance is okay. Tell me why what you did was enough. Your Honor, we are reading at least of this case law here, like Correa and other cases, is that the Lozada supplies sort of methods to determine whether there was any sort of collusion between the parties here. That's really the purpose of Lozada. It's not necessarily about the factors of what exactly the evidence is. It's like, can we show that there's trustworthiness about the ineffective assistance between the parties of collusion? In this case, there was because Marcus had actually filed a notice or when she filed a motion for leave from timeliness, she clearly said there was a contract. I was aware of the deadline. And so all of those things were actually referenced in the BIA. Right, but Lozada, in order to avoid the problem, says we want an affidavit from the client and we want an affidavit from the counsel. And neither of those are present here. The counsel's statement occurs in a motion. It's not sworn. There's no statement by the client. Why shouldn't you at least be required to follow the procedural requirements of Lozada? Judge, we would argue that the Respondent did actually satisfy those factors of Lozada. When Marcus filed a notice or motion for leave to file the untimely notice, she wrote on there, I had an agreement. No, I know what she said. And she said at the end of it, and I swear under penalty of perjury that all this is true. No problem. I'm trying to figure out, you didn't. Very easy to comply with those two procedural requirements and nobody attempted to. Why should we excuse that? We don't think that the court has to excuse that. I believe in the Correa opinion, Judge Kaczynski talks about, I believe, Rule 803, where they talk about the trustworthiness of the party. And here, Marcus did that. Again, I would argue that the purpose of Lozada is to ensure that there's no collusion. And so when Marcus files that, she knows that she's subjecting herself to a bar complaint, criminal liability if she's not trustworthy in that pleading. So we believe that the Lozada factors had been actually satisfied when she filed that. And then, in fact, with the motion there, the court there didn't, I think, incorporate that decision by the judge denying that. The first sentence says, by decision of April 29, 2024, the board summarily dismissed. So part of her finding includes Marcus's motion for leave to untimely file the notice of appeal. So we believe that that itself... Is it your argument that at least some of the three elements of Lozada were, in fact, complied with here? That's correct. So part of it is like... Which ones? Well, the first two. It's like, did you give counsel the opportunity to notice, to defend herself? Well, Marcus has fallen on her sword and said, yeah, I was ineffective. You're arguing that the purposes of the first two requirements... That's right. Not that they were actually satisfied, but the purposes of the first two requirements. That's correct. That's the distinction here. They were satisfied because Marcus herself says, I was ineffective. She fell on her sword. So she satisfies the last two. And we know from the CREA opinion, it's not required to file a bar complaint to do that from the reasoning there what Judge Kaczynski noted there. So that's why, Judge Smith, we believe that she had, or excuse me, the respondents had complied with the Lozada factors. We do have several cases that say that where the ineffectiveness is obvious, you don't have to necessarily comply with Lozada. Now, Judge Hurwitz points out that we at least have to know that this was, in fact, her lawyer and that she wasn't supposed to do it, but we have that. And beyond that, given the nature of this ineffectiveness, it's not clear you need anything else. And that's correct. Judge Berzon, that's correct. So her appellate counselor, I believe it was Hassan, I believe, Hassini, she didn't even raise the Lozada factors. She argued that it was so obvious that she was ineffective for failing to timely file the notice of appeal that that was the only issue she raised. Yet when the board issued the decision, she didn't even address that question. She simply went to the Lozada factors. One other technical question is ordinarily, even when you have a failure to file a brief, you need some kind of look at the merits. But my understanding is that the government here specifically, I don't know, waived that issue, but told us not to reach it because the board didn't reach it. And therefore, if we think the Lozada factors either were met or don't need to be met, we should remand. Is that your understanding of where we are? We don't need any look at the merits? Right. We don't think we need to look at the merits. We could remand the case for the Board of Immigration Appeals to look at that issue because that was the purpose that they denied it. Let me ask you a question about that. Normally, in order to establish ineffective assistance, you've got to show prejudice. Do you have to show it to us or is that an issue on remand to the board? We believe we've shown the prejudice here in the opening brief here. Well, I'm not sure. Let's assume that the appeal would have failed miserably. And then you wouldn't have been prejudiced by the ineffectiveness of counsel in filing the late. Now, I'm not sure we can tell from this record because we don't know what would be argued on appeal. But don't you have to establish that in front of somebody? We do. But the case law from the circuit shows that when the respondent is completely not had an opportunity to submit their case for review, there was an asylum hearing here. That was the whole purpose here to have the BIA then review it. The respondents were denied complete due process by not allowing the Board of Immigration Appeals to review. But there is some case law that suggests, it's a little confused, but that you do have to at least demonstrate some viability of the merits. But the board, the government here specifically told us not to do that ourselves. That's my understanding of their brief. Well, I'll ask that. At least they asked us not to do it. I'm asking you with us and the BIA to have to do it. I go back to my, I only have about 30 seconds here, I go back to my answer is that when a case like this where there's not a notice filed timely and it's denied, the respondents are per se prejudiced because they never had a chance to present their case. So from just that standpoint, I don't know if prejudice is assumed. I'd like to just, like I said, reserve a minute or so for rebuttal. Very well. Here for the government. May it please the court. There's a court here. May it please the court, Alana Young for the acting attorney general. Lozada was intended, your honors, to ensure both that there is an actual adequate factual basis that exists in the record for the complaint and that the complaint is legitimate and substantial. Is there any doubt whatsoever in this case that all those purposes have been met on this record? There is doubt, your honor. We know she filed it late. You don't dispute that. We know she filed the notice of appeal late. Yes, your honor. Okay. We know because she's told us, exposing herself to malpractice suits and otherwise, that I was We certainly can. We certainly know the nature of the malpractice ineffective assistance that the petitioner is alleging in this case, which is that it was filed late. So it seems to me we all understand that this petitioner was the victim of malpractice or ineffective assistance by counsel. And what you're relying on is, well, but he didn't dot all the i's and cross all the t's. And I guess my question is, if the purpose of the i's and the t's was met on this record, you're from the Department of Justice. Doesn't justice require that we send this back? No, your honor. Even if technical adherence to previous cases does not? No, your honor. We, it's more new, the governor's position is more nuanced than that because Lozada had specific policies goals for each of the three requirements. And each of those policy goals were not achieved here. Tell me what policy goal was not achieved. All three of your honor. First, the affidavit. The reason why this court, this court and Lozada requires an affidavit because affidavits are given under penalty of perjury and they provide the primary factual. So do you think counsel was lying in her motion when she said, I was hired in time, but I failed to file this on Do you think that that motion would have more weight if at the end of it, she said, and I attest under penalty of perjury that I screwed up? Yes, your honor. We do think because statements in motions as this court is recognized as not evidence. And if the statements is, does not, is not, does not have the same weight or potential consequences as a sworn affidavit. It certainly has consequences. I mean, if she, if she was practicing before the board and she lied in her motion in her own voice, I mean, not in a representative voice, aren't there big consequences if she was found to be lying? We don't. And we don't know whether practicing before the board. And we don't know whether she's lying, your honor. That's, that's why we want. That's why the point purpose of Lozada is for her to provide that. You were here for the last argument. Your, your colleague said stuff in pleadings is very important and we can rely on it and, and you shouldn't be able to change it. Well, here's a motion where a person says, I screwed up. I'm willing to face the consequences because I screwed up. And we know she screwed up because the motion was filed. The notice of appeal was filed late. And she filed it in her own name. So we know who filed it. So I'm just, I mean, what we're really fighting about here, what you're really fighting about here is, well, yeah, but Lozada says it has to be in an affidavit or Lozada says the, the client must also provide an affidavit. But it seems to me perfectly clear on this record that there was ineffective assistance of counsel. Why isn't that enough for us just to send it back to the BIA to figure, let them figure out what happens after that? Because your honor, Lozada requires, because. Don't, don't we also have several different cases, which you haven't so far acknowledged that say in the brief or otherwise that if there is plain on the face that there was an effective assistance, Lozada doesn't have to be met. Yes, your honor. Those, those cases determine that petitioner independently satisfied Lozada's policy goals. We don't. Right. No, actually what they said was that because it was obvious on his face that there was ineffective assistance, they satisfied Lozada's policy goals. But none of those cases excuse no attempt to comply with Lozada's your honor. Yes, they do. Yes, they do. You said that in your briefs and none of them do, but yes, they do. Any attempt. They say flatly, flatly that if it's, if it's obvious that there was ineffective assistance and you don't have to do Lozada. But he didn't even make any attempt, your honor, to comply with Lozada. I understand that, but I'm telling you what the cases say, which is you don't have to make an attempt if it's obvious on its face. We, your honor, the government disagrees. The cases that we've listed, including Correa, that petitioner. Correa actually had, had both pieces. First it, first it said it met it and then it said, and besides, you don't have to. And petitioner opposing the ineffective counsel in that case actually had included a sworn defe, declaration. In this case, we don't have anything. We don't, the record does not indicate that prior counsel whose dignity and competence is being impugned has been notified that there is a claim against her. That's absent from the record, your honor. She must have been notified. She filed, she filed a motion that said, I filed this late, which you think that just occurred to her out of the, out of, out of thin air? She, she knew that, she knew that she had filed it late and she knew that's what the problem was. But we don't have that in the record indicating that she knows that she's been notified and she should respond. And it's. She responded. She filed, she signed a motion that said, I filed this late. Now you, we, you're saying we lack the formal accusation by the client that she filed it late? We lack the notification and it's important in this case, your honor, because she doesn't actually explain why she filed it late. She said she filed it late, but she doesn't explain. What's, what's the difference while she filed it late? It does, it does make a difference, your honor, because it gives, because it's essential information where the board can assess the veracity of the ineffective assistance of counsel claim. That is the purpose and the goal. Is there any excuse for filing a notice of appeal late? If she, I, I, I think it's an easy question. But it got there late. She didn't say, she said, I filed it late. I sent it in late. As part of the Lozada requirements, one is the procedural requirements and two is the substantial, whether they met the substantial requirements. And that goes into the, whether the defectiveness was egregious and whether there was prejudice. And the government's position is, is that this court under Chenery is limited to just the procedural requirements and this court should remand for the board to consider the substantial requirements. And the substantial requirements require egregious conduct and prejudice. And part of that egregious conduct is to show the board, the board would have to require, need essential facts to show, to determine whether petitioner, whether the conduct was egregious. And so if she missed, and that's the board's determination, Your Honor, that should be left to the board to decide. The board's never made that determination here. The board did not reach that determination, Your Honor. The court's, the board's reference to April, its prior decision in April was just the background to indicate, here's where we are now. We dismissed the appeal correctly. Yes, Your Honor. Because the notice was filed late. Under Chenery, this court's, this court's review is limited to the board's November decision, just the procedural requirements of Lozado. All right. Therefore, we don't, we don't address the prejudice question. Yes, Your Honor. Other comments, questions by my colleagues? Not from me. No. Very well. You have a tiny little bit of time left, but at least you gave me a chance to stand up. Thank you. It, in Rodriguez-Larisa, the, this court said, these Lozado factors are intended to ensure both an adequate factual record exists for an effectiveness complaint and that the complaint is a legitimate and substantial one. These factors are not rigidly applied, especially when the record shows a clear and obvious case of ineffective assistance. So the court doesn't have to decide this on Lozado because she failed to file it. So that alone, the court can remand. But even if the court did decide, here, there is record, there's ample evidence in the record that Marcus fell on her sword. She admitted fault. And all of that shows that there was no collusion between the parties. And I think that's the essence of Lozado here, is that can there be any sort of collusion? Is the statement trustworthy? And the answer here is yes, because Marcus is subjecting herself to a malpractice claim, obviously criminal penalties, and she's an officer of the court. And so under the Arizona rules and ABA rules, she has to have to candor to the court and the court can sanction her. So we ask that the court vacate and remand the decision. Very well. Thank you very much to both counsel. The case of Aviles-Martinez v. Blanche is submitted.
judges: BERZON, SMITH, HURWITZ